UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEREMY W. KELLY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RUBEN VELA, JR., et al.,<br><br>　　　　Defendants. | CAUSE NO. 1:20-CV-59-WCL-SLC |

OPINION AND ORDER

Jeremy W. Kelly, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (*See* ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Before turning to the complaint, the court must address a preliminary matter. In April 2020, Kelly notified the court that he had been released from custody and was now residing at a private residence. (ECF 10.) The court thereafter issued an order requiring Kelly to pay the remaining balance of the filing fee or file a non-prisoner *in forma pauperis* petition. (ECF 12.) It appears that Kelly's release from custody was short-lived, however, as his recent filings show that he is back at the Jay County Security Center. (ECF 13.) He states that he is still indigent and has no ability to pay the balance of the filing fee in a lump sum. (*Id.*) Kelly previously paid the initial partial filing fee assessed by this court, and in the interest of justice, the court will proceed to screen the

complaint. However, Kelly remains obligated to pay the filing fee in installments over time in accordance with the procedures set forth in 28 U.S.C. § 1915(b)(2). The clerk will be directed to send a copy of the fee order to the Jay County Security Center.

Turning to the complaint, Kelly alleges that on January 7, 2020, Ruben Vela, Jr., appeared at his place of employment and "captured and kidnapped" him "without any claim from a people and that he has no signature from any people." He further alleges that Brian D. Hutchinson issued a bench warrant against him "without claim from a people based on the same hearsay provided by Ruben Vela, Jr., the kidnapper." It can be discerned that Vela is police officer and that Hutchinson is a state court judge presiding over a criminal case pending against Kelly in Jay County. Kelly claims that he is being "held hostage" at the Jay County Security Center due to the actions of these defendants. He seeks dismissal of the criminal charges, monetary damages, and initiation of criminal charges against Vela for kidnapping.

Kelly cannot obtain release from custody or dismissal of the criminal charges in this civil rights action; instead his sole remedy lies in habeas corpus. *See* 28 U.S.C. §§ 2241, 2254; *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Additionally, the state court judge is entitled to judicial immunity for his rulings in the criminal case, even if his exercise of authority was "flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Kelly may have some remedy available through the state appellate process, but he cannot proceed with a federal civil rights suit seeking damages against the judge. *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005).

2

As for the police officer, it is unclear if Kelly is trying to assert some type of false arrest claim against him. In a Fourth Amendment false arrest claim, the plaintiff bears the burden of proving the absence of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009). At the pleading stage, he must "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Here, Kelly does not address the issue of probable cause or otherwise assert a cogent Fourth Amendment claim against Vela. Rather, he accuses him of "kidnapping" because "he has no signature from any people." This does not state a plausible Fourth Amendment claim. To the extent Kelly is trying to initiate federal criminal charges against Vela, he does not have the authority to do so. *See United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").

In the interest of justice, the court will allow Kelly to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim for relief. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

As a final matter, Kelly has filed a motion asking that the court stay this case for an indefinite period while the criminal case is resolved. (ECF 11.) A stay is not

appropriate unless Kelly states some viable claim for relief. Therefore, this motion will be denied.

For these reasons, the court:

(1) DENIES the motion to stay (ECF 11);

(2) DIRECTS the clerk to send a copy of the court's fee order (ECF 6) to the Jay County Security Center;

(3) GRANTS the plaintiff until **August 10, 2020**, to file an amended complaint if he so wishes; and

(4) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for relief.

SO ORDERED on July 10, 2020.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT